UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING     21-md-3010 (PKC)
ANTITRUST LITIGATION

   ORDER

THIS ORDER APPLIES TO:

SPX Total Body Fitness LLC, et al. v. Google LLC, 21-cv-6870, and SkinnySchool LLC v. Google LLC, 21-cv-7045

-----------------------------------------------------------x

CASTEL, Senior District Judge:

In an Opinion and Order of March 1, 2024, the Court dismissed the claims of the plaintiffs in SPX Total Body Fitness LLC, et al. v. Google LLC, 21-cv-6870 and SkinnySchool LLC v. Google LLC, 21-cv-7045. (ECF 701.) A judgment was entered on behalf of defendants on March 4, 2024. (ECF 705.) Thereafter, Notices of Appeal were filed on April 3, 2024. (ECF 745 & 746.)

Nearly a month later, plaintiffs in the referenced actions sought a stay of the effectiveness of the judgment under Rule 60(b)(6), Fed. R. Civ. P., and Rule 8(a)(1)(A), Fed. R. App. P. (ECF 772 & 778.) The heart of the argument in support of the motion is as follows:

> The Motion will request the Court exercise its authority under the purposes and rules governing multi-district proceedings, as well as its inherent authority over its docket, to suspend or otherwise modify the judgements and orders in the SPX Cases. The current appeals in the SPX Cases on the NBA should be considered, along with the other cases in which this issue was raised in MDL. This issue can be brought to the Second Circuit if and when it is appropriate at the conclusion of the MDL processes and at such time that consideration of the NBA is taken as a whole. The Second

        Circuit's review of all orders dismissing all claims related to
the NBA should occur once and at the same time.

(ECF 772; footnote omitted.)

        The motion for a stay under Rule 8 is denied because there are no proceedings in the district court to be stayed. With respect to Rule 60(b)(6), Fed. R. Civ. P., the Court has substantial doubt of its jurisdiction and authority to grant the motion during the pendency of the appeal.

        Exercising the discretion afforded by Rule 62.1(a)(3), Fed. R. Civ. P., the Court states that if the Court of Appeals remands the action for the purpose of addressing the motion, this Court would grant the motion and effectuate a stay of the judgment so as to avoid repetitive appeals of the same issue by different parties in different actions that are part of this coordinated multi-district litigation.

        SO ORDERED.

_____<br>
P. Kevin Castel<br>
United States District Judge

Dated: New York, New York
       May 15, 2024